```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARK A. REID,

        Plaintiff,

   -v-                                                     No. 16-CV-8021-LTS

UNITED BROTHERHOOD OF TEAMSTERS
NORTH ATLANTIC DISTRICT LOCAL 804
and CHRISTOPHER SABATINO,

        Defendants.

-------------------------------------------------------x
```

MEMORANDUM ORDER

Plaintiff Mark A. Reid ("Plaintiff") brings this action against the United Brotherhood of Teamsters North Atlantic District Local 804 (the "Union")[1] and Christopher Sabatino, a union representative (collectively, "Defendants"), pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 et seq., alleging that he was subjected to discrimination based upon race, color, and ethnic origin. The Union removed this action from the Supreme Court of the State of New York, Bronx County, to this Court pursuant to 28 U.S.C. § 1441. As explained below, the Court has federal question jurisdiction of this action.

Now before the Court is the Union's Motion for Judgment on the Pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), and Plaintiff's Cross Motion to Remand to New York State Supreme Court, brought pursuant to 28 U.S.C. § 1447. For the

---

[1] The Court uses the party name Plaintiff provided in the Complaint. However, the proper entity name for the Union is "International Brotherhood of Teamsters Local 804." (See Def. Mem. in Supp. of Mot. for J. on the Pleadings ("Def. Mem."), Docket Entry No. 12, at 1.)

reasons that follow, Plaintiff's motion is denied and the action is dismissed in its entirety.

BACKGROUND[2]

The following facts are taken as true for purposes of this motion practice. Plaintiff is an African-American of Jamaican descent who was employed by the United Parcel Service ("UPS") as a driver and was represented by the Union. (Compl. ¶¶ 2, 6, 8.) Sabatino was Plaintiff's union representative. (Compl. ¶ 5.) On or about April 30, 2014, UPS discharged Plaintiff, citing Plaintiff's "extended lunch hours, unauthorized breaks, and/or" lack of productivity. (Compl. ¶ 10.) Plaintiff disputed these claims to the Union, and a grievance was filed under the Collective Bargaining Agreement (the "CBA"). (Compl. ¶¶ 11, 13.) Plaintiff demanded that the Union seek arbitration of his discharge pursuant to the CBA. (Compl. ¶ 18.) The Union did not, however, demand arbitration of Plaintiff's grievance. (Compl. ¶ 19.) Pursuant to the CBA, that demand must have been made within thirty-three working days of Plaintiff's discharge. (CBA at 245-46.)

Plaintiff alleges that, "[i]n numerous other similar situation[s involving] similarly situated employees who were not African-American and/or of Jamaican descent, the union has demanded arbitration," and that the failure to demand arbitration in this case constituted

---

[2] Facts are drawn from the Complaint (Compl., Docket No. 2, Ex. A) and the Collective Bargaining Agreement (the "CBA," Docket No. 6., Ex. A), which is attached to the Answer. The CBA is properly considered for the purposes of the instant motions because "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see Morillo v. Grand Hyatt N.Y., No. 13-CV-7123-JGK, 2014 WL 3498663, at *6 (S.D.N.Y. July 10, 2014). The Complaint concerns implementation of the grievance provisions of the CBA, which is thus incorporated into the Complaint by reference and is integral to Plaintiff's claims.

discrimination on the basis of race and ethnic origin. (Compl. ¶¶ 23-24.) Plaintiff's sole cause of action alleges that Defendants' handling of Plaintiff's grievance violated NYSHRL § 296(1)(c). (Compl. ¶ 33.)

Defendant Sabatino was properly served on September 13, 2016. (See Affidavit of Service, Docket Entry No. 2, Ex. A at 11.) Sabatino consented to the removal of this action (see Notice of Removal, Docket Entry No. 2, Ex. B), but has not answered or otherwise appeared in this action. The Union's arguments apply equally, however to the viability of the claim as against Sabatino. (See Def. Mem. at 1, 14-15.)

## DISCUSSION

Motion to Remand

The Union argues removal was proper and the motion to remand should be denied because Plaintiff's complaint, which purported to plead only a state law claim, is completely preempted by the federal duty of fair representation, which arises out of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq. See Vaca v. Sipes, 386 U.S. 171, 177 (1967).

A state-court action may be removed by a defendant to federal court only if the case could have been filed in federal court in the first instance. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Where, as here, there is no diversity of citizenship, federal-question jurisdiction is required for removal." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998) (internal quotation marks omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. The well-pleaded complaint rule "makes the plaintiff the master of the claim" and generally permits the plaintiff to

"avoid federal jurisdiction by exclusive reliance on state law." Id.

State law claims therefore "cannot ordinarily be removed to federal court based on a preemption defense." Walsh v. Int'l Bhd. of Elec. Workers (I.B.E.W.) Local 503, 62 F. Supp. 3d 300, 302 (S.D.N.Y. 2014). However, under the complete preemption corollary to the well-pleaded complaint rule, "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims." Marcus, 138 F.3d at 53; see Caterpillar, 482 U.S. at 393 ("On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (internal quotation marks omitted)).

"Although the Second Circuit has not directly addressed the issue, the First and Fifth Circuits and district courts in this District have held [that] the federal duty of fair representation completely preempts certain state law claims." Walsh, 62 F. Supp. 3d at 302. In particular, "the vast majority of cases in this Circuit hold that the [duty of fair representation] preempts the [NYS]HRL in situations where the union was acting in its capacity as the plaintiff's collective bargaining representative." Figueroa v. Foster, 1:14-CV-8796-GHW, 2016 WL 2851335, at *5 (S.D.N.Y. May 12, 2016) (internal quotations omitted) (collecting cases). This Court agrees with the weight of authority that an NYSHRL claim that does not allege the breach of any duties not already owed under the federal duty of fair representation is completely preempted.

The duty of fair representation arises out of the NLRA and requires a union "to serve the interests of all members without hostility or discrimination toward any, to exercise its

discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca, 386 U.S. at 177. Plaintiff's state law claim alleges that Defendants discriminated on the basis of race and ethnicity in their handling of Plaintiff's grievance, implicating the analogous duty not to discriminate in the course of representation that is already owed under the federal duty of fair representation, and is therefore preempted. See Cabrera v. N.Y.C., 436 F. Supp. 2d 635, 646 (S.D.N.Y. 2006) ("Because [Plaintiff] claims that the Union Defendants violated NYHRL by not properly representing her, this claim is preempted."). Accordingly, Plaintiff's Cross Motion to Remand is denied.

Motion for Judgment on the Pleadings

In deciding a motion for judgment on the pleadings, the Court "employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks and alterations omitted). "To survive a Rule 12(c) motion, [the plaintiff's] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. at 44 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In deciding such a motion, the court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when she brought suit, or matters of which judicial notice may be taken." Morillo v. Grand Hyatt N.Y., No. 13-CV-7123-JGK, 2014 WL 3498663, at *6 (S.D.N.Y. July 10, 2014).

Because Plaintiff's claim is preempted by the federal duty of fair representation, it is governed by the six-month statute of limitations that is applicable to such claims. See Fenn v. Verizon Commc'ns, Inc., No. 08-CV-2348-PGG, 2010 WL 908918, at *6 (S.D.N.Y. Mar. 15, 2010) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983)). The

limitations period begins when the employee "knew or should have known of the act by which the union allegedly breached its duty." Bryant v. Verizon Commc'ns, Inc., 550 F. Supp. 2d 513, 525 (S.D.N.Y. 2008). Defendants' decision not to pursue arbitration, the alleged breach at issue here, was final within thirty-three working days of Plaintiff's termination, in accordance with the CBA. (See CBA at 245-46.) Plaintiff concedes that this action, which was filed August 24, 2016, more than two years after Plaintiff's termination on or about April 30, 2014, was brought outside the six-month limitation period for duty of fair representation claims. (See Pl. Mem. in Opp. to Defs.' Mot. to Dismiss, Docket Entry No. 19, at 10.) Plaintiff's action is therefore time-barred and is, accordingly, dismissed in its entirety.[3]

[Remainder of page intentionally left blank.]

---

[3] The Court does not, therefore, reach the Union's argument that the action should be dismissed under Rule 12(b)(6) for failure to state a claim. (See Def. Mem. at 10-14.)

## CONCLUSION

For the foregoing reasons, the Union's motion for judgment on the pleadings is granted, the case is dismissed in its entirety, and Plaintiff's cross motion to remand is denied. This Memorandum Opinion and Order resolves Docket Entry Nos. 11 and 18.

The Clerk of Court is instructed to enter judgment dismissing the Complaint as against both defendants and close the case.

SO ORDERED.

Dated: New York, New York
June 16, 2017

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge